THOMAS D. STICHTER AND OTHERS, RESPONDENTS, *v.* BENJAMIN F. TILLINGHAST, APPELLANT.

*Order for the inspection of books and papers — when it may be permitted after issue joined — what must be shown in the moving papers.*

An order permitting a party to inspect the books and accounts of his adversary may be made after issue joined, under article 4, title 6, chapter 8 of the Code of Civil Procedure, and for grounds other than those specified in the fourteenth rule of the Supreme Court.

An application, after issue joined, must show that the discovery is sought, to aid the applicant to prove his cause of action or defense.

An order permitting the plaintiff in this action to inspect the books and accounts of the defendant's assignor, reversed upon the ground that the moving papers were insufficient to support it.

APPEAL from an order, granted at the Onondaga Special Term June 5, 1886, requiring the appellant to produce and deposit certain books of account in the Cortland county clerk's office, for examination and inspection of the plaintiffs, their attorneys and experts.

The action is brought by the plaintiffs to recover possession of certain personal property which they allege in their complaint they sold and delivered to defendant's assignor, who they allege was insolvent at the time of such sale and delivery, and fraudulently concealed his insolvency; that thereafter the defendant came into

possession of the same, and claims to hold the same, as assignee for the benefit of creditors.

The application for the order appealed from was made after issue joined, and after the venue had been changed and the cause noticed for trial at the Cortland Circuit, and within a few days thereof. The petition was presented to a justice of the Fifth Judicial District, who granted an order to show cause herein, returnable at a Special Term to be held in and for Onondaga county, June 5, 1886. The defendant's affidavits used to oppose this application state that the plaintiffs have been allowed to examine and inspect the books by their attorneys, whenever they have asked for the privilege, and have never been refused such examination and inspection.

*B. T. Wright*, for the appellant.

*Frank H. Hiscock*, for the respondents.

FOLLETT, J.:

Appeal from an order permitting plaintiffs to inspect the books and accounts of defendant's assignor. This order was applied for and granted after issue was joined, but it has been twice held that a discovery may be had after issue joined, under article 4, title 6, chapter 8 of the Code of Civil Procedure, and for grounds other than those specified in the fourteenth rule of the Supreme Court. (*Amsinck* v. *North*, 2 Month. L. Bul., 67; affirmed, 62 How., 114; S. C., 12 N. Y. W. Dig.; 573; *Babbitt* v. *Crampton*, 1 N. Y. Civil Proc. R., 169; S. C., 12 N. Y. W. Dig., 13.)

An application after issue joined must show that the discovery is sought to aid the applicant to prove his cause of action, or his defense. (*Douglas* v. *Delano*, 20 N. Y. W. Dig., 85; *Andrews* v. *Townshend*, 2 N. Y. Civil Proc. R., 76; S. C., 16 J. & S., 162; *The Shoe and Leather Reporter Assn.* v. *Bailey*, 17 id., 385; *Mott* v. *The Consumers' Ice Co.*, 52 How., 148; 2 Wait's Pr., 531; Baylie's Trial Pr., 120; Hare on Discovery [3d Am. ed.], 197. The General Term of the Supreme Court, of the Superior Court, and of the Court of Common Pleas are in accord on this question.

This court held, in *Adams* v. *Cavanaugh* (37 Hun, 232), that a party cannot be examined under article 1, title 3, chapter 9 of the Code of Civil Procedure, except for the purpose of proving

the applicant's cause of action or defense. The papers upon which this order was granted do not show, or even allege, that the books will furnish evidence which will aid the plaintiffs to establish their cause of action. There seems to be no excuse in this case for the omission of definite allegations, as the plaintiffs' counsel has been permitted to examine the books for two days, and defendant offered a further examination and to permit them to be examined by an expert, to be agreed upon by the parties. An examination under an order seems to be sought because defendant refused to permit an examination by an expert unknown to him and not named by plaintiffs.

We think the allegations in the moving papers insufficient to support the order. The view taken of the merits of this appeal renders it unnecessary to consider whether Supreme Court Rule 37 was a bar to granting this order upon an order to show cause, returnable out of the judicial district in which the venue of the action was laid.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs, but without prejudice to the right of the plaintiffs to make a new application for discovery upon the payment of the costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Order reversed, with ten ·dollars· costs and disbursements, and motion denied, with ten dollars costs, without prejudice to the right of a new application for discovery upon the payment of costs.